## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Coalition Opposing Governmental Secrecy** and **Judiciocracy, LLC** *d/b/a AbusiveDiscretion*, )<br><br>*Plaintiffs*, )<br><br>v. )<br><br>**Marcia Meis**, *individually and in her Official Capacity as the* **Director of the Administrative Office of Illinois Courts**; **Thomas D. Palella** of Illinois' 1st District Appellate Court; **Jeffrey H. Kaplan** of Illinois' 2nd District Appellate Court; **Zachary A. Hooper** of Illinois' 3rd District Appellate Court; **Carla Bender** of Illinois' 4th District Appellate Court; And **Cortney Kuntze** of Illinois' 5th District Appellate Court, *individually and in their Official Capacity as the* **Appellate Court Clerks**, )<br><br>*Defendants*. ) | Case No.: 1: 25-cv-7895 |

### Complaint

"But know, that there are summary orders that are not even publicly available. In other words, the problem of not just that every decision is not published, but is even worse than we know. And there is no way to know how bad it is. The unavailability of the public acts of the Illinois courts of review, and the Illinois Appellate Court in particular, is not in conformity with the Illinois or federal Constitutions."

Attorney Donald Patrick Eckler, Feb. 2024 LinkedIIn, Host, Podium and Panel Podcast, Writer, *Chicago Daily Law Bulletin*.

Plaintiffs Coalition Opposing Governmental Secrecy and Judiciocracy, LLC, publisher of

*AbusiveDiscretion* ("together Plaintiffs"), bring this lawsuit against Defendants Marcia Meis,

*individually and in her Official Capacity as the* Director of the Administrative Office of Illinois

Courts ("Meis"); Thomas D. Palella, the Appellate Court Clerk for Illinois' 1st District; Jeffrey H.

Kaplan, the Appellate Court Clerk for Illinois' 2nd District; Zachary A. Hooper, the Appellate

1

Court Clerk for Illinois' 3rd District; Carla Bender, the Appellate Court Clerk for Illinois' 4th District; And Cortney Kuntze, the Appellate Court Clerk for Illinois' 5th District Appellate Court, *individually and in their Official Capacity as the* Appellate Court Clerks (together, the "Clerk Defendants") together, "Defendants" for breach of Plaintiffs' First Amendment right of access to the Illinois Unified Court System and the inspection of its public records and documents, specifically public judicial opinions, orders, records, and documents.  In support of its claims, Plaintiffs allege as follows:

## The Parties, Jurisdiction, and Venue

1.     Plaintiff Coalition Against Governmental Secrecy ("COGS") COGS is a Missouri non-profit corporation with 501(c)(3) status whose mission is to aid and encourage citizen participation in government and the political process; and to empower the public by helping them access publicly available information via Freedom of Information, Sunshine, Open Records, and similar vehicles for the review and inspection of government records.  Some of COGS' member organizations include Catholic Vote; Edgar County Watchdogs; Judiciocracy, LLC (and its publications); Metric Media, LLC (and its publications); and The Record, Inc. (and its publications).  A list of member organizations is available at: https://stopsecrecy.org/about/.

2.     Plaintiff Judiciocracy, LLC, ("Judiciocracy"), is a Missouri limited liability company.  It is a leading news media organization committed to providing comprehensive and accurate news coverage of systemic issues affecting our judicial and justice systems.  Judiciocracy boasts leading publications in: Judicial Misconduct, Attorney Misconduct, and various other publications concerning the changing landscape for attorney admission, family law, and covering war crime trials in Israel. Judiciocracy is a news media organization in the business of, *inter alia*, reporting on local justice news and events, as defined by FOIA's Section 2(f) and has received fee

2

waivers for public records access by the Cook County Chief Judge's office in support of its activities.

3.      Defendant, Marcia Meis, is the Director of the Administrative Office of Illinois Courts.

4.      At all times relevant hereto, Ms. Meis was a person acting under color of state law.

5.      Ms. Meis is sued in her individual and official capacity.

6.      The Clerk Defendants are the District Clerks of the Illinois Appellate Courts. Specifically:

      a.   Thomas D. Palella, the Appellate Court Clerk for Illinois' 1st District;

      b.   Jeffrey H. Kaplan, the Appellate Court Clerk for Illinois' 2nd District;

      c.   Zachary A. Hooper, the Appellate Court Clerk for Illinois' 3rd District;

      d.   Carla Bender, the Appellate Court Clerk for Illinois' 4th District; and

      e.   Cortney Kuntze, the Appellate Court Clerk for Illinois' 5th District.

7.      The Clerk Defendants are responsible for carrying out the orders and instructions as provided by Marcia Meis in her capacity as the Director of the Administrative Office of Illinois Courts.

8.      At all times relevant hereto, the Clerk Defendants were individuals acting under color of state law.

9.      The Clerk Defendants are sued in their individual and official capacity.

10.     The Clerk Defendants report to Ms. Meis.

**Jurisdiction and Venue**

11.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because Plaintiffs allege violations of constitutionally protected rights and privileges.

12.     The Court has subject matter jurisdiction over supplemental matters pursuant to 28 U.S.C. § 1367.

13.     The Court has personal jurisdiction over Defendants because each of the Defendants have operated and currently operates within the Northern District of Illinois and importantly each of the acts giving rise to the current lawsuit occurred within the Northern District of Illinois.

14.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because the acts or omissions giving rise to Plaintiffs' claims occurred in this District – specifically, Plaintiffs' constitutionally protected rights were violated within the Northern District of Illinois.

**First Amendment's Right Of Access To Court Records**

15.     The right of access to court records embodied in the First Amendment to the United States Constitution (U.S. Const., amend. I). Grove Fresh Distributors, Inc. v. Everfresh Juice Co., 24 F.3d 893, 897 (7th Cir. 1994).

16.     The First Amendment right presumes a right to inspect court records which have "historically been open to the public" and disclosure of which would further the court proceeding at issue. United States v. Corbitt, 879 F.2d 224, 228 (7th Cir. 1989).

17.     The presumption can be rebutted by demonstrating that suppression is "essential to preserve higher values and is narrowly tailored to serve that interest." Grove, 24 F.3d at 897

## Common Law Right Of Access To Court Records

18.     The Supreme Court has recognized a common law right of access to court records.

19.     As the Supreme Court noted in <u>Nixon v. Warner Communications</u>:

> It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents. In contrast to the English practice, American decisions generally do not condition enforcement of this right on a proprietary interest in the document or upon a need for it as evidence in a lawsuit. The interest necessary to support the issuance of a writ compelling access has been found, for example, in the citizen's desire to keep a watchful eye on the workings of public agencies, and in a newspaper publisher's intention to publish information concerning the operation of government[.]

<u>Nixon v. Warner Communications</u>, 435 U.S. 589, 597-98 (1978) (internal citations and quotations omitted).

20.     Illinois acknowledges the very same common law right of access to court records and lays out its purpose –to watch the courts and the judges.

> The common law right of access to court records is essential to the proper functioning of a democracy, in that citizens rely on information about our judicial system in order to form an educated and knowledgeable opinion of its functioning. Too, the availability of court files for public scrutiny is essential to the public's right to monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system.

<u>Skolnick v. Altheimer & Gray</u>, 730 N.E.2d 4, 16 (2000) (ternal citations and quotations omitted).

21.     The Illinois legislature partially embodied this common right of access into statute related to the Circuit Courts. 705 Ill. Comp. Stat. § 105/16.

22.     Nothing in either State or Federal statute removes or curtails this common law right of access to court records.

## Illinois Supreme Court Rule 23(c)'s Hidden Court Orders

23.     Illinois Supreme Court Rule 23(c) permits summary orders"

> [I]n which the panel unanimously determines that any one or more of the following dispositive circumstances exist, the decision of the court may be made by summary

order. A summary order may be utilized when: (1) the Appellate Court lacks jurisdiction; (2) the disposition of the case, or the resolution of issues involving a criminal or juvenile sentence, is clearly controlled by case law precedent, statute, or rules of court; (3) the appeal is moot; (4) the issues involve no more than an application of well-settled rules to recurring fact situations; (5) the opinion or findings of fact and conclusions of law of the trial court or agency adequately explain the decision; (6) no error of law appears on the record; (7) the trial court or agency did not abuse its discretion; or (8) the record does not demonstrate that the decision of the trier of fact is against the manifest weight of the evidence.

24. However, Rule 23(c) orders are not available for public inspection.

25. The Clerk Defendants do not make Rule 23(c) orders available either online or in-person for regular review or inspection.

26. There is no database to identify which orders are issued pursuant to Rule 23(c).

27. The only way to get access is to first know that the ruling exists and then the date of the decision.

28. That information is not available to the Plaintiffs or the public.

29. Accordingly, the public is often never notified of how appeals are decided and what circuit decisions are adjudicated on appeal.

30. However, the Illinois Supreme Court, the Illinois District Courts, and numerous Circuit Courts reference and rely upon unpublished Rule 23(c) orders in subsequent rulings, depriving the public of access to the evolving state of the law.

**Plaintiffs' Efforts To Access These Secret Decisions**

31. Plaintiffs made numerous attempts to reach each of the Clerk Defendants, via telephone to inspect Rule 23(c) filings.

32. None of the Clerk Defendants made any Rule 23(c) available for inspection without first knowing a case number.

33. None of the Clerk Defendants provided a list of case numbers which had Rule 23(c) rulings.

6

34.     No Clerk Defendant made the Rule 23(c) opinions available for general review.

35.     One clerk staffer, once being informed of a hidden Rule 23(c) order, offered to share it only after payment.

36.     One Clerk Defendant pointed Plaintiffs to https://www.illinoiscourts.gov/top-level-opinions/ to search there but Rule 23(c) decisions are not returned.[1]



37.     The above image shows the only order in the last six months for that case as dated June 30, 2025. The 23(c) ruling is not returned.

38.     The Illinois Supreme Court announced that case filings after April 1, 2025 would be available on reSearchIL on May 1, 2025, but Rule 23(c) orders are still not viewable when other orders are freely available.

39.     The only way to access a Rule 23(c) ruling is to have fore knowledge about the ruling.

---

1.     *For example*, Villacampa v. Mungaho # 1-24-1215: First District. This case was identified through using a Lexis search for "Rule 23(c)" which ultimately led to a June 30, 2025 ruling with citation: Villacampa v. Mungaho, 2025 IL App (1st) 242214-U. In Paragraph 19 Lexis helped identify the following: "Villacampa, No. 1-24-1215, ¶¶ 12-14 (April 21, 2025) (unpublished summary order filed pursuant to Illinois Supreme Court Rule 23(c)(4), (5), (6) (eff. Feb. 1, 2023)." Villacampa v. Mungaho, 2025 IL App (1st) 242214-U, ¶ 19."

40. There is no public access-– no other court records are hidden in such manner absent a compelling interest that outweighs the public's right of access.

41. Plaintiffs requested one of Clerk Defendant's staffers to provide regular access to new Rule 23(c) orders.

42. Plaintiffs' request was rejected out of hand.

43. Defendants' conduct – the intentional interference with Plaintiffs' right of access to public records – is the result of an express or common practice that is so widespread and well-settled it constitutes a custom or usage with the force of law.

44. Defendants' conduct – the intentional interference with Plaintiffs' right of access to public records – is in clear violation of Plaintiffs' First Amendment Right of Access to otherwise public judicial opinions, orders, records, and documents

45. Clerk Defendant's intentional refusal to satisfy its obligations for open access to court records are so egregious that Plaintiffs had to suffer the time and financial burden of hiring a law firm and filing a lawsuit to vindicate their rights and those of the public under the law.

46. Plaintiffs suffered harm from the inability to access the records, including costs of time, legal fees, and an inability to publish the public information related to the Rule 23(c) orders as is part of their public purpose.

47. The reason given by a representative of one Clerk Defendants for hiding the Rule 23(c) employees is so that "nobody can cite them."

48. The Illinois Supreme Court has rules about what can and cannot be cited for all sorts of information – including orders. Their orders are not "mere suggestions" but have the force of law, therefore Orders need not be both ordered not to be cited *and* be hidden - just in case.

8

49.     Neither the public or the media have access to them or a way to find them to even the Supreme Court to be faced with the enforcement dilemma.

50.     The Clerk Defendants cannot hide information from the public as a means of preventing litigants from breaking the rules. The Illinois Supreme Court has power of the sovereign to ensure, to paraphrase Colonel Jessup, "all of its orders are followed."

**<u>Count I</u>**
**Violation of Plaintiffs' First Amendment Rights**
*Against All Defendants*

51.     Plaintiffs incorporate the above paragraphs by reference as if fully set forth herein.

52.     Defendants are employees of the State of Illinois, were at all times were acting under color of state law, and were acting in their individual and official capacity.

53.     Marcia Meis, individually and in her capacity as the Director of the Administrative Office of Illinois Courts, is responsible for the administration of the Illinois Court System and the supervision of its Clerks.

54.     The Clerk Defendants are responsible for providing access to judicial opinions, orders, records, and documents, *including* orders issued under Illinois Supreme Court Rule 23(c).

55.     The Clerk Defendants have failed to provide open access to Rule 23(c) orders.

56.     Access to this information is guaranteed under the First Amendment to the Constitution of the United States.

57.     The Plaintiffs have a well-established right to these judicial opinions, orders, records, and documents.

58.     The Clerk Defendants are intentionally and directly violating the Plaintiffs' rights to the court records by refusing to allow open access to the these judicial opinions, orders, records, and documents; for refusing to list which files they are hiding.

9

59.     The Plaintiffs are suffering harms, such as: the loss of speech rights, *for example* to publish and comment on actions of the court; and the loss of access to justice by refusing to share how justice is actually dolled out. The public is at further loss as they cannot receive the information *which would be facilitated by the Plaintiffs who serve in the public interest* and is necessary for them to pursue justice themselves.

60.     Clerk Defendants violated 42 U.S.C. § 1983 when, as persons acting under the color of Illinois law, they deprived Plaintiffs of their rights and privileges as secured by the Constitution of the United States of America.

61.     Plaintiffs have incurred costs in this matter as noted above.

62.     The harms can be redressed through damages and injunctive relief, requiring the Defendants to grant access to Rule 23(c) orders to the Plaintiffs and public.

63.     Plaintiffs also request attorney fees under applicable law.

## Count II
### Illinois Constitutional Violations
*Against All Defendants*

64.     Plaintiffs incorporate the above paragraphs by reference as if fully set forth herein.

65.     The Illinois Constitution grants rights to the Freedom of Speech, the Freedom to Assemble, and General Due Process in Article I.

66.     Defendants have intentionally violated these clauses by refusing access to Court records which prevents Plaintiffs from speaking on court proceedings and the improper handling of justice, the freedom to further judicial reform efforts as assembling a like-minded group, and to the ability to gain due process by hiding the jurisprudence and the operations of the appellate courts from the public.

67.     Defendants are thus directly responsible for the violations of Plaintiffs' rights and have caused the direct harms previously stated.

68.     Defendants have acted in violation of the Illinois Constitution.

69.     Plaintiffs also request attorney fees under applicable law.

**Count III**
**Common Law Violation Of Access To Records**
*Against Clerk Defendants*

70.     Plaintiffs incorporate the above paragraphs by reference as if fully set forth herein.

71.     Defendants have violated the common law right of access to court records.

72.     Plaintiffs also request attorney fees under applicable law.

**Prayer for Relief**

Wherefore, Plaintiffs Coalition Opposing Governmental Secrecy and Judiciocracy, LLC, respectfully requests that the Court:

a.     Enter a judgment declaring that Defendant's actions violated Plaintiffs' rights under the First and Fourteenth Amendments to the U.S. Constitution;

b.     Enter a judgment declaring that Defendant's actions violated Plaintiffs' rights under the Illinois Constitution;

c.     Enter a judgment declaring that Defendant's actions violated Plaintiffs' rights under the Common Law Right of Access Court Records;

d.     Ordering the Defendants to make Rule 23(c) Orders available for viewing to the Plaintiffs in a substantially similar manner as all other orders, *i.e.*: searchable on reSearchIL or the Illinois Supreme Court's website;

e.     Award Plaintiffs compensatory and punitive damages in an amount to be determined at trial;

f.     Award Plaintiff reasonable attorney's fees and costs under 42 U.S.C. § 1988; and Grant such other and further relief as this Court deems just and proper.

g.      Grant any and all further legal and equitable relief that this Court deems just and proper.

Dated: July 11, 2025                         Respectfully Submitted:

                                             By: /s/ *Adam Florek*_____

                                             Adam Florek
                                             Florek Law, LLC
                                             11 Knollwood Dr.
                                             North Caldwell, New Jersey 07006
                                             Tel: (929) 229-2268
                                             E-mail: aflorek@florekllc.com

                                             Antonio Ernesto Valiente-Rivera
                                             N.D. Ill. Gen. Bar No.: 12326
                                             Torre de La Reina - Suite 203
                                             450 Avenida de La Constitucion
                                             San Juan, PR 00901
                                             Tel: (787) 782-9544
                                             Email: lcdoavaliente@live.com

                                             Edward "Coach" Weinhaus, Esq.
                                             **LegalSolved, LLC**
                                             11500 Olive Blvd., Suite 133
                                             Saint Louis, Missouri 63141-7126
                                             Tele: (314) 580-9580
                                             E-mail: eaweinhaus@gmail.com