## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| Coalition Opposing Governmental Secrecy and Judiciocracy, LLC d/b/a AbusiveDiscretion, | ) ) ) ) ) | |
| | ) | Case No. 1:25-cv-07895 |
| Plaintiffs, | ) ) | Judge John Robert Blakey |
| | ) | |
| v. | ) ) | |
| Marcia Meis, individually and in her Official Capacity as the Director of the Administrative Office of Illinois Courts; Thomas D. Palella of Illinois' 1st District Appellate Court; Jeffrey H. Kaplan of Illinois' 2nd District Appellate Court; Zachary A. Hooper of Illinois' 3rd District Appellate Court; Carla Bender of Illinois' 4th District Appellate Court; and Cortney Kuntze of Illinois' 5th District Appellate Court, individually and in their Official Capacity as the Appellate Court Clerks, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court upon Defendants' motion to dismiss, [19].

For the reasons explained below, the Court grants the motion.

1

I.      **Factual Background**[1]

Plaintiff Coalition Opposing Governmental Secrecy ("COGS") is a non-profit organization that helps the public access government records, and Plaintiff Judiciocracy, LLC ("Judiciocracy") is a news media organization that reports upon the judicial system. [1] ¶¶ 1–2. Defendant Marcia Meis is the Director of the Administrative Office of Illinois Courts. *Id.* ¶ 3. Defendants Thomas D. Palella, Jeffrey H. Kaplan, Zachary A. Hooper, Carla Bender, and Cortney Kuntze are the Appellate Court Clerks for Illinois' five appellate districts (the "Clerk Defendants"); they carry out Meis' instructions and report to her. *Id.* ¶¶ 6–10. Plaintiffs sue all Defendants in their individual and official capacities. *Id.* ¶¶ 5, 9.

Illinois Supreme Court Rule 23(c) permits the Illinois Appellate Court to dispose of an appeal by summary order in certain circumstances, such as where the appeal is moot or the outcome is controlled by settled law. *Id.* ¶ 23. These summary orders are not available for public inspection: the Clerk Defendants do not provide them online or in person for regular review; no searchable database of Rule 23(c) orders exists; and thus, a member of the public can obtain such orders only by knowing in advance the case number and date. *Id.* ¶¶ 24–28.

Rule 23(c) orders do not appear upon the Illinois courts' public website or the reSearchIL platform, even when other orders in the same case appear, and the plaintiffs offer a specific example of a summary order that a legal research service

---

[1] The Court takes these facts from Plaintiffs' Complaint, [1], and accepts them as true for purposes of resolving the motion to dismiss. *See Killingsworth v. HSBC Bank Nevada*, 507 F.3d 614, 618 (7th Cir. 2007).

2

disclosed but that the public system does not return. *Id.* ¶¶ 36–38. The Illinois Supreme Court and other Illinois courts cite and rely upon Rule 23(c) orders in later rulings, shaping Illinois law beyond public view. *Id.* ¶ 30.

When Plaintiffs sought access, one clerk staffer offered to share an order only after payment, and a request for regular access to new orders was rejected. *Id.* ¶¶ 35, 41–42. A representative of one Clerk Defendant explained that the orders remain hidden so that, in the representative's words, "nobody can cite them." *Id.* ¶ 47.

Plaintiffs assert three claims: (1) a violation of the First Amendment to the United States Constitution, brought under 42 U.S.C. § 1983 (Count I); (2) a violation of the Illinois Constitution (Count II); and (3) a violation of the common law right of access to court records (Count III). *Id.* ¶¶ 51–72. Plaintiffs ask the Court to order Defendants to make Rule 23(c) orders searchable upon reSearchIL or the Illinois Supreme Court's website, in the same manner as other orders. [1]. Defendants move to dismiss all claims for lack of subject-matter jurisdiction and for failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II. Applicable Legal Standards

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide a "short and plain statement of the claim" showing that the pleader merits relief, Fed. R. Civ. P. 8(a)(2), so the defendant has "fair notice" of the claim "and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint must also contain "sufficient factual matter" to state a facially plausible claim to relief—one that "allows the court

3

to draw the reasonable inference" that the defendant committed the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "asks for more than a sheer possibility" that a defendant acted unlawfully. *Id.* In evaluating a complaint under Rule 12(b)(6), this Court accepts all well-pled allegations as true and draws all reasonable inferences in the plaintiff's favor. *Id.* This Court does not, however, accept a complaint's legal conclusions as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Under Rule 12(b)(1), the plaintiff bears the burden of establishing subject-matter jurisdiction. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014).

### III. Analysis

As a matter of federalism, the decision whether, and to what extent, various state court documents reach the public belongs to the state courts, not to a federal trial court. That principle reflects the settled rule that equity, comity, and federalism restrain a federal court from intruding upon the operations of the state courts. *Rizzo v. Goode*, 423 U.S. 362, 379–80 (1976); *see SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010) (a federal court "may, and often must, decline to exercise its jurisdiction where doing so would intrude upon the independence of the state courts"). Applying these principles, the Seventh Circuit held in *Courthouse News Serv. v. Brown* that a federal court should abstain from a First Amendment claim seeking access to state court records because the relief sought "directly affects the administration of the state courts." 908 F.3d 1063, 1070 (7th Cir. 2018).

4

Similarly, in *O'Keefe v. Chisholm*, records gathered in a state proceeding were placed in a federal record, and an intervenor invoked the public's presumptive right of access to documents filed with the court. 769 F.3d 936, 943 (7th Cir. 2014). The Seventh Circuit declined to order disclosure, explaining that "federalism supplies the reason," and that because the documents "were gathered as part of a state proceeding," the State, "not the federal judiciary, should determine whether, and to what extent," those documents "are disclosed to the public." *Id.* A contrary approach, the court warned, would leave state rules governing disclosure "at every litigant's mercy" whenever a party chose to file in federal court. *Id.*; *see also J.B. v. Woodard*, 997 F.3d 714, 722–24 (7th Cir. 2021) (equity, comity, and federalism can require abstention even where no single abstention doctrine squarely fits).

The same principles require abstention here. Plaintiffs ask the Court to order the Illinois Appellate Courts to make Rule 23(c) summary orders publicly searchable upon reSearchIL or the Illinois Supreme Court's website. [1]. Like the intervenor in *O'Keefe*, Plaintiffs invoke the public's presumptive right of access to court documents. But *O'Keefe* holds that the decision whether and how the documents of a state court reach the public rests with the state courts. 769 F.3d at 943. Whether Rule 23(c) orders should be made publicly accessible, and by what means, is therefore a determination committed to the Illinois courts, which enter those orders and manage their own records. As in *Courthouse News*, the requested relief would directly affect the administration of the state courts by dictating how the Illinois Appellate Courts

5

publish a category of their own dispositions. 908 F.3d at 1070. Thus, the Court abstains, grants Defendants' motion and dismisses the Complaint without prejudice.

## IV.     Conclusion

For the reasons explained above, the Court abstains and grants Defendants' motion to dismiss, [19] and dismisses the Complaint without prejudice. Civil case terminated.

Date: July 23, 2026

Entered:

John Robert Blakey
United States District Judge

6